UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-156-KDB

| | |
|---|---|
| SCOTT DEVON HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GREG HUNTLEY, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's filing of a "Superseding Amended Complaint" [Doc. 36]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

The pro se Plaintiff is a pretrial detainee on charges including murder, first degree kidnapping, malicious conduct by a prisoner, communicating threats, and simple assault.[1] He filed the instant action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina, addressing incidents that allegedly occurred at the Burke County Jail (BCJ). The case was transferred to this Court on June 15, 2023, because the majority of the Defendants are located in this District and most of the events giving rise to this action occurred here. [Doc. 8]. The Complaint passed initial review on the Plaintiff's § 1983 claims: for violating due process against Defendants Greg Huntley, William Kincade, William Viggers, and Charles Cooper;[2] for violating free speech against Defendants Huntley, Kincade, and Viggers; and for

---

[1] See, e.g., Burke County Case Nos. 16CRS053120, 16CRS053137, 17CRS001276, 17CRS001277, 16CRS002082, 20CR050824, 20CR052271, 20CR052329; see also Fed. R. Ev. 201.

[2] BCJ employees Huntley, Kincade, Viggers, and Hinceman, and Sheriff Hinceman were served and filed an Answer to the Complaint. [See Docs. 32, 33]. They have also filed an Answer to the instant "Superseding Amended

municipal liability against Burke County Sheriff Robert "Banks" Hinceman.[3] [Docs. 1, 12]. The Court dismissed several claims including allegations that: were not directed to individuals named as defendants; used pronouns and vague terms such as "staff;" and alluded to the Plaintiff's inability to file a PREA complaint. [Doc. 12].

On September 15, 2023, the Plaintiff filed a "Motion for Supplemental Pleading(s)" in which he attempted to amend the Complaint in a piecemeal fashion. [Doc. 27]. On October 16, 2023, the Court entered an Order denying the Motion, but granting the Plaintiff 30 days in which to file a superseding Amended Complaint. [Doc. 35]. The Plaintiff was instructed that "[a]ny Amended Complaint … will supersede the Complaint [and] [p]iecemeal filings will not be allowed." [Id. at 3; see also Doc. 12 at 11 (Order on initial review of the Complaint cautioning the Plaintiff that "he should refrain from making further piecemeal filings")]. The Plaintiff was cautioned that, "[i]f the Plaintiff fails to timely amend his Complaint in accordance with this Order, the Court will proceed on the original Complaint [Doc. 1]." [Id.].

The Plaintiff filed the instant "Superseding Amended Complaint" on November 7, 2023. [Doc. 36]. In it, he attempts to incorporate the original Complaint by reference. [See id. at 4-7 (stating "see Complaint" at least seven times; "The Plaintiff filed a 'initial complaint' on 5/22/23 … and incorporate's all facts from;" "The Plaintiff re-alleges of the initial-complaint; All facts & constitutional violations stated within pg. 1-8 in prior complaint; and attachments with")] (errors uncorrected).

As a general matter, "an amended pleading ordinarily supersedes the original and renders

---

Complaint." [Doc. 37]. Defendant Cooper is a correctional sergeant at the Granville Correctional Institution in Butner, North Carolina, where the Plaintiff is being housed as a safekeeper. He waived service, and his deadline to answer has not yet expired. [See Doc. 34].

[3] Sheriff Hinceman was substituted for former Sheriff Whisenant pursuant to Fed. R. Civ. P. 25(d). [See Doc. 12 at 10].

it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation omitted). However, a statement in a pleading may be adopted by reference elsewhere in any other pleading or motion. Fed. R. Civ. P. 10 (c). Incorporation by reference under Rule 10(c) "must be direct and explicit, to enable the responding party to ascertain the nature and extent of the incorporation." 5A Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.) (footnotes omitted). Incorporation "can easily be abused." Hinton v. TransUnion, LLC, 654 F.Supp.2d 440, 447 (E.D. Va. 2009), aff'd 382 F. App'x 256 (4th Cir. 2010).

The Plaintiff has ignored the Court's repeated instructions to file a "superseding" Amended Complaint and to refrain from piecemeal filing. Instead, he filed an incomplete Amended Complaint that attempts to incorporate all or part of the original Complaint by reference, and to add claims and allegations.[4] This is yet another attempt to amend on a piecemeal basis that would require the Court and the Defendants to refer to the original Complaint as well as the Amended Complaint, and to attempt to determine the claims and allegations upon which the Plaintiff intends to proceed. He will not be permitted to do so and the Amended Complaint will be stricken, and the Court will proceed on the original Complaint.[5] [See Docs. 1, 12].

**IT IS, THEREFORE, ORDERED** that:

1. The "Superseding Amended Complaint" [Doc. 36] is **STRICKEN** for failure to comply with the Court's October 16, 2023 Order.

2. This matter shall proceed on the original Complaint [Doc. 1] against Defendants

---

[4] The "Superseding Amended Complaint" is rife with other errors that the Court identified on initial review of the Complaint, and which the Plaintiff has disregarded. [See, e.g., Doc. 36 at 13-14, 21 (making allegations about individuals not named as defendants); id. at 14, 21 (using vague terms such as "all staff"); id. at 15 (alleging that he was not allowed to file a PREA complaint); see generally Doc. 12 at 3-4, 8 (Order on initial review of the Complaint)].

[5] Defendants Hinceman, Huntley, Kincade, and Viggers' Answer to the Superseding Amended Complaint [Doc. 37] is therefore moot.

Greg Huntley, William Kincade, William Viggers, Charles Cooper, and Robert "Banks" Hinceman on the claims identified in the Order on initial review [Doc. 12].

Signed: November 22, 2023

Kenneth D. Bell
United States District Judge