# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-156-KDB

| | |
|---|---|
| SCOTT DEVON HEMPHILL, | ) |
| Plaintiff, | ) |
| vs. | ) |
| GREG HUNTLEY, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendants' Joint Motion for Sanctions or, in the Alternative, Motion to Compel [Doc. 46], and on their Joint Motion for Extension of Time [Doc. 53].

The Plaintiff, a pretrial detainee who is being held at the Granville Correctional Institution, filed the instant action pursuant to 42 U.S.C. § 1983.[1] The Complaint passed initial review against five Defendants who were served and filed Answers.[2] [See Docs. 12, 33, 39]. On April 1, 2024, Defendant Charles Cooper was granted leave to depose the incarcerated Plaintiff. [Doc. 43].

On April 10, 2024, Defendant Cooper filed the instant Joint Motion and supporting materials demonstrating that: Plaintiff's deposition was scheduled for April 4, 2024; on April 2, 2024, counsel emailed the Plaintiff's facility, asking staff to inform Plaintiff of his upcoming deposition and to arrange for the deposition to proceed remotely via Zoom; on April 4, 2024, prison staff took Plaintiff to a conference room for the remote deposition; staff had technical difficulties

---

[1] The Plaintiff initially filed this case in the Eastern District of North Carolina; it was transferred to this Court where venue lies.

[2] Four of the Defendants are Burke County Jail employees; the fifth is Charles Cooper, an employee of the North Carolina Department of Adult Corrections.

with Zoom; Plaintiff "refused to wait for the technical difficulties to be resolved, and he asked to be taken back to his cell" without participating in the deposition; and the Plaintiff has a history of refusing to participate in prison disciplinary hearings and engaging in dilatory tactics in his criminal case. [Doc. 47-1 (April 1 and 2, 2024 emails); Doc. 47-2 (Declaration of Eldridge Walker, an NCDAC Unit Manager); Doc. 47-3 (Declaration of Rabiah Santos, an NCDAC Sergeant); Doc. 47-4 (prison disciplinary records); Doc. 47-5 (news article)]. Defendant Cooper seeks the dismissal of this action as a sanction for the Plaintiff's refusal to attend his own deposition or, alternatively, for an order to compel the Plaintiff to attend a future deposition. [Doc. 46].

On April 11, 2024, the Court informed the Plaintiff of his right to respond to the Motion and granted him 14 days to do so. [Doc. 49]. The Court cautioned the Plaintiff that the failure to respond may result in the Joint Motion being granted. [Id. at 1]. On April 23, 2024, the Plaintiff filed a Letter in response to the Joint Motion.[3] [Doc. 52]. He states under penalty of perjury that he was told that the technical issue with his remote deposition could not be fixed and that a new deposition date would be set, and that staff has lied about the circumstances surrounding the deposition failure. [Id. at 2-3]. The Defendants have not replied and the time to do so has expired.

It appears that the Plaintiff intends to cooperate with a rescheduled deposition. Accordingly, the Joint Motion will be denied insofar as Defendant Cooper seeks the dismissal of this action. However, the Joint Motion will be granted insofar as the Plaintiff is directed to attend and cooperate with a deposition after receiving a renewed notice from Defendants. This includes accommodating any reasonable delay involved in taking the deposition, such as a delay that may

---

[3] In the Letter, the Plaintiff further contends that his mail is being tampered with and delayed such that he had only three days to respond to the Joint Motion, and he asks the Court to: order certified mail for litigation; require the prison to provide Plaintiff with a legal mail log; and grant any relief that the Court deems necessary. The Plaintiff has also recently filed a "Request for Discovery Meeting" and a "Compelment of Discovery." [See Docs. 50, 51]. The Plaintiff is reminded that he must seek relief from the Court by filing an appropriate "Motion." [See Doc. 10 at ¶ 5 (Order of Instructions)].

be needed to address technical difficulties. The Plaintiff's failure to comply may result in the imposition of sanctions including the dismissal of this action with prejudice.

The Defendants also ask the Court to extend the deadline during which they may depose the Plaintiff and in which the parties may file dispositive motions, due to the Plaintiff's failure to cooperate with the April 4 deposition. [Doc. 53]. The Motion will be granted and these deadlines will be extended for good cause shown. See Fed. R. Civ. P. 6.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Joint Motion for Sanctions or, in the Alternative, Motion to Compel [Doc. 46] is **GRANTED IN PART AND DENIED IN PART** as stated in this Order.

2. The Plaintiff is directed to attend and cooperate with a deposition after receiving a renewed notice from Defendants. This includes accommodating any reasonable delay. **The Plaintiff's failure to comply may result in the imposition of sanctions including the dismissal of this action with prejudice**.

3. The Defendants' Joint Motion for Extension of Time [Doc. 53] is **GRANTED**. The Defendants may depose the Plaintiff by **June 10, 2024**, and the parties may file dispositive motions by **July 10, 2024**.

**IT IS SO ORDERED**.

Signed: May 12, 2024

Kenneth D. Bell
United States District Judge