# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:23-cv-156-KDB

| | | |
|---|---|---|
| SCOTT DEVON HEMPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREG HUNTLEY, et al., | ) | **<u>ORDER</u>** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery[1] [Doc. 56] and Motion for Settlement on the Facts [Doc. 64], on a Motion to Strike Plaintiff's Surreply (Cross Motion) or, in the Alternative, Response to Plaintiff's Cross Motion for Summary Judgment filed by Defendants Greg Huntley, Robert Banks Hinceman, William Viggers, and William Kincaide [Doc. 72], and on Defendant Charles Cooper's Motion for Extension of Time to File Dispositive Motions [Doc. 74].

     The Plaintiff, a pretrial detainee who is being held at the Granville Correctional Institution, filed the instant action pursuant to 42 U.S.C. § 1983.[2] The Complaint passed initial review against Burke County Jail employees Huntley, Hinceman, Viggers, and Kincaide (the "BCJ Defendants") and North Carolina Department of Adult Corrections employee Cooper (the "DAC Defendant"). The Defendants were served and filed Answers. [See Docs. 12, 33, 39]. On December 12, 2023, the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as

---

[1] Titled "Motion for Compelment [sic] of Discovery and Certification."

[2] The Plaintiff initially filed this case in the Eastern District of North Carolina; it was transferred to this Court where venue lies. [See Doc. 8].

April 10, 2024, and making dispositive motions due by January 31, 2024.[3] [Doc. 40].

The Defendants were granted leave to depose the incarcerated Plaintiff, however, the Plaintiff failed to cooperate. [Docs. 42, 43; see Doc. 54]. The Court ordered the Plaintiff to cooperate with the deposition, extended the deadline for the Defendants to conduct the deposition, and extended the deadline to file dispositive motions until July 10, 2024. [Docs. 54; June 11, 2024 Text-Only Order]. The BCJ Defendants filed a Motion for Summary Judgment on July 10, 2024. [Doc. 59]. On July 11, 2024, the Court informed the Plaintiff about the opportunity to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), within 30 days. [Doc. 62]. The Plaintiff filed a Response and the BCJ Defendants filed a Reply. [Docs. 65, 67]. On August 11, 2024,[4] the Plaintiff filed a "Cross Motion for Summary Judgment in Opposition to Defendant Motion for Summary Judgment." [Doc. 68]. The BCJ Defendants have now moved to strike Plaintiff's "Cross Motion…" as an improperly-filed Surreply, or as an untimely Motion for Summary Judgment. [Doc. 72].

The DAC Defendant was granted extensions of the deadline to file a dispositive motion, which he has again timely moved to extend in light of circumstances including the early birth of his child. [Doc. 74; see Aug. 27, 2024 Text-Only Order]. The Motion is granted for good cause shown and the DAC Defendant may file a dispositive motion by October 16, 2024.

The Plaintiff filed the instant Motion to Compel on June 14, 2024.[5] [Doc. 56]. He contends that: all of his attempts to obtain discovery in this case have failed; counsel for the DAC Defendant has deliberately denied discovery and lied to the Court about Plaintiff's discovery efforts; and

---

[3] The Court appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery, but NCPLS declined the representation. [Docs. 40, 41].

[4] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[5] Houston, 487 U.S. at 276.

Plaintiff's March 4, 2024 "Motion for Compelment [sic]" never received a ruling.[6] [Id.]. The Plaintiff now seeks the production "all discovery" that he requested, for DAC Defendant's counsel to stop lying and "manipulating" the court system, and for this Court to grant whatever relief it deems necessary. [Id. at 2-3].

The Defendants oppose the Motion and argue that relief should be denied because the Plaintiff failed to meet and confer. [Docs. 57, 58]. The BCJ Defendants further argue that they have complied with discovery, and that the Motion has been mooted by documents and video that the Plaintiff was shown at his deposition, and by the production of documents that Plaintiff was mailed after his deposition. [Docs. 57, 57-1, 57-2, 57-3, 57-4]. The DAC Defendant further argues that the Plaintiff never served him with any discovery requests so there is nothing to compel and, in any event, the DAC Defendant's attorney intends to attach to his dispositive motion the available discovery documents pertaining to the claim against him to which the Plaintiff will have the opportunity to respond when he opposes the dispositive motion. [Doc. 58].

In his Reply, the Plaintiff acknowledges that he received some discovery on July 13, 2024, however, he contends that discovery is still incomplete with regards to Interrogatory Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, and 12, and Requests for Production of Documents ("RFP") Nos. 1, 2, 6, and 8. [Doc. 63 at 2; see Doc. 51-1 (BCJ Defendants' discovery responses)].

The record reflects that the discovery requests at issue were served only on counsel for the BCJ Defendants. [See Doc. 57-1]. The Interrogatories at issue ask as follows:

1. Identify all staff members working at Burke Co. Jail from the Plaintiff admission to present.

---

[6] No such "Motion" appears in the Court's record. The Plaintiff appears to refer to the "Compelment [sic] of Discovery & 45 Day to do so Extension" [Doc. 51], "Request for Discovery and Notice to Compel" [Doc. 51-1 at 1-2], and attachments that the Plaintiff misdirected to the U.S. District Court for the Eastern District of North Carolina, and they were docketed in this Court on April 24, 2024. [See Doc. 51-2 (Cover letter from the E.D.N.C. Clerk's Office)]. However, the Plaintiff was instructed at the outset of this case that "[o]nly Motions will be ruled on by the Court." [Doc. 10 at ¶ 5 (Order of Instructions)].

2. Identify all staff that witness the Plaintiff detainment at Burke Co. Jail and that did 30 min rounds during Plaintiff housing on H-Unit facility.

3. Identify all policies, procedures, regulations and standard operating procedures in effect at Burke Co. Jail at the time the Plaintiff was held their at all time & disciplinary process.

4. Explain why Judge Robert C. Ervin asked the facility to come up with a disciplinary process and why was all inmates who were prior on H-Unit ordered to leave the Hole once a disciplinary process was envented?

7. Describe/ explain the recreation room outside H-Unit and why Plaintiff or nobody could have recreated on H-Unit.

8. Explain why no books, bibles, or legal work wasn't allowed on "lockup" at Burke County Jail at the time of allegations & priorly for years?

10. Identify all video of the Plaintiff holding his mail up to the camera & all grievance forms filed that never got returned or answered? And whereabouts.

11. Identify where are all 30 or 40 filed grievances by Plaintiff & explain why they were never answered.

12. Explain why if no video existed any more, even after Plaintiff stating to save all in numerous grievance forms filed for legal reasons?

[Doc. 57-1 at 3-5] (errors uncorrected).

The RFPs at issue seek the following:

1. A copy of all mail & grievance forms sent out from H-Unit & video of Plaintiff holding such up to camera for documentation of all.

2. Copy of all policies, procedures, orders, and disciplinary process that has to do with all allegations.

5. List of all staff working Burke County Jail at all times of Plaintiff detainment.

8. All documents including but not limited to investigation and incidents reports, witness statements, use of force assessment forms memoranda and correspondence related to all allegations in complaints.

[Id. at 5-6] (errors uncorrected). The BCJ Defendants objected to these discovery requests as, *inter alia*, overbroad, unduly burdensome, insufficiently specific, not proportional to the needs of the

4

case, not calculated to lead to the discovery of admissible evidence, and vague and ambiguous. [Doc. 57-2 at 4-10 (BCJ Defendants' March 1, 2024 Objections and Responses)]. The BCJ Defendants nevertheless provided the Plaintiff with relevant records and noted that much of the relevant information could be found in the produced documents. [Id.; see also Doc. 57 at 2 (noting that additional discovery was provided to the Plaintiff following his deposition)]. The Plaintiff now attempts to "limit[]" some of these discovery requests. [Doc. 63 at 2]. For instance, he attempts to "down size[]" Interrogatory 1 from "all staff members" to "Medical & Detention officers 'only.'" [Doc. 63 at 2]. The Plaintiff asserts that he is unable to respond to the BCJ Defendants' Motion for Summary Judgment because of the outstanding discovery. [See Doc. 65].

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Further, "[u]nder Rule 56(d), where a nonmovant shows by affidavit or declaration that 'for specified reasons, it cannot present facts essential to justify its opposition' to a motion for summary judgment, a district court may deny or defer consideration of the motion, allow time for the nonmovant to take discovery before assessing the motion, or issue any order it deems appropriate." Jenkins v. Woodard, 109 F.4th 242, 250 (4th Cir. 2024) (finding district court's denial of pro se prisoner's Rule 56(d) motion improper where the district court abused its discretion in denying the plaintiff's motions for counsel and the lack of counsel denied the plaintiff a

"meaningful opportunity to conduct discovery") (quoting Fed. R. Civ. P. 56(d)). "Rule 56(d) therefore permits a district court to extend the discovery period after a party moves for summary judgment where the court is aware that additional discovery is necessary." Id. (citing Fed. R. Civ. P. 56(d)). "[T]he Supreme Court has instructed that summary judgment motions should only be granted 'after adequate time for discovery.'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The Fourth Circuit, "[c]onsistent with that instruction, … has cautioned that district courts should not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." Id. (citing Shaw v. Foreman, 59 F.4th 121, 128-29 (4th Cir. 2023)). "Relief under Rule 56(d) is therefore 'broadly favored' in this Circuit and should be 'liberally granted.'" Id. (quoting Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021) (internal quotation marks omitted)). "This is especially true in the context of pro se litigation and when the movant exclusively controls evidence relevant to the nonmovant's opposition." Id. (citing Pledger, 5 F.4th at 526).

The Plaintiff does not certify that he attempted in good faith to resolve the discovery disputes with the Defendants before engaging the Court's assistance. See Fed. R. Civ. P. 37(a)(1); LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Further, the record reflects that the Plaintiff did not request any discovery from the DAC Defendant. Reopening the discovery period is unwarranted because the DAC Defendant represents that he will provide the Plaintiff with any relevant documents upon filing a dispositive motion, and the Plaintiff will have an opportunity to respond at that time. The Motion seeking to compel discovery from the DAC Defendant is, therefore, denied.

The record reflects that the BCJ Defendants provided appropriate responses and objections to the Plaintiff's discovery requests and provided additional discovery following Plaintiff's deposition. Notwithstanding the Plaintiff's failure to confer, the Court will address two of the Plaintiff's discovery requests in an abundance of caution.

In RFP No. 1, the Plaintiff requested video depicting him holding grievances up to the camera. [Doc. 63 at 5]. The record reflects that the Plaintiff was shown two videos at his deposition, and that 17 videos exist. [See Doc. 57-2 at 6, Nos. 9, 10]. It is unclear, however, whether the Plaintiff had the opportunity to view all 17 of these videos. The Motion to Compel will, therefore, be granted insofar as the BCJ Defendants will be required to send a copy of all 17 videos to the Plaintiff's institution so that he may view them.

In RFP No. 2, the Plaintiff requested "all policies…" dealing with his allegations. [Doc. 57-1 at 5]. This request is vague and overly broad but the BCJ Defendants nevertheless produced "policies related to inmate privileges and the potential consequences related to the violation of Jail rules by inmates…." [Doc. 57-2 at 4 (Response to Interrogatory No. 3, referencing RFP No. 2)]. The BCJ Defendants produced "additional responsive documents (including the policies Plaintiff requested to see)," following Plaintiff's deposition. [Doc. 57 at 2; see Doc. 57-4 at 2 (July 2, 2024 Cover Letter)]. It is unclear, however, which policies were produced. The Plaintiff now explains that, in order to respond to the BCJ Defendants' Motion for Summary Judgment, he needs "Policies, Procedures, Regulations, and 'Standard Operations' for: recreation on H-Unit, Disciplinary, Medication fee, … [and] what items are allowed in H-Unit." [Doc. 63 at 5]. The BCJ Defendants will be directed to produce any documents that are responsive to RFP No. 2, as described *supra*, that the Plaintiff was not already provided.

In light of the foregoing, the Plaintiff shall have the opportunity to file a superseding

7

dispositive motion, and/or a supplemental response to the BCJ Defendants' Motion for Summary Judgment [Doc. 59], within 30 days after the BCJ Defendants produce the additional discovery.

The BCJ Defendants argue that the Plaintiff's "Cross Motion" should be stricken as an untimely dispositive motion and/or as an unauthorized surreply to the BCJ Defendants' Motion for Summary Judgment. [Docs. 68, 72]. The Motion will be granted and the Plaintiff's "Cross Motion…" is stricken for the reasons stated in the BCJ Defendants' Motion to Strike, without prejudice for the Plaintiff to file a superseding dispositive motion and a supplemental summary judgment response as discussed *supra*.

In his Motion for Settlement on the Facts, the Plaintiff complains about the disciplinary system at the Burke County Jail and he proposes a settlement amount to the Defendants. [Doc. 64]. This Motion is denied, as it presents no question that is appropriate for the Court's consideration at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Compel Discovery [Doc. 56] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** insofar as the BCJ Defendants shall produce the documents and video footage in response to RFP Nos. 1 and 2, as described in this Order, within **fourteen (14) days**. In all other respects, the Motion to Compel is **DENIED**.

2. The Plaintiff shall have **thirty (30) days** after the BCJ Defendants produce discovery in response to RFPs No. 1 and 2 in which to file a superseding dispositive motion and/or a supplemental response to the BCJ Defendants' Motion for Summary Judgment [Doc. 59].

3. The BCJ Defendants' Motion to Strike Plaintiff's Surreply (Cross Motion) or, in

the Alternative, Response to Plaintiff's Cross Motion for Summary Judgment [Doc. 72] is **GRANTED** and the Plaintiff's "Cross Motion…" [Doc. 68] is **STRICKEN**.

4. Defendant Cooper's Motion for Extension of Time to File Dispositive Motions [Doc. 74] is **GRANTED** until **October 16, 2024**.

5. The Plaintiff's "Motion for Settlement on the Facts" [Doc. 64] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 23, 2024

Kenneth D. Bell
United States District Judge

9